UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR COPELAND | : | |
| PLAINTIFF | : | CIVIL NO. |
| | : | 15  5012 |
| V. | : | COMPLAINT |
| | : | |
| CITY OF PHILADELPHIA | : | JURY TRIAL DEMANDED |
| P/OFF SEAN MCCALLISTER | : | |
| P/OFF DANIEL MAMMOLA | : | |
| JHON DOE | | |
| DEFENDANTS | | |

To be filed under _____ 42 U.S.C § 1983-state officials
_____ 42 U.S.C § 1983-federal officials

1.) This is a civil action authorized by 42 U.S.C section 1983 to redress deprivation, under the state color of law, or rights secured by the constitution of the United States. This has jurisdiction under 28 U.S.C section 1331 and 1243 (a) (3). This court also has supplemental jurisdiction of the plaintiffs state law claims under 28 U.S.C section 1367.

2). The UNITED STATES district court for the eastern district of PENNSYLVANIA is the appropriate venue under 28 U.S.C section 1391 (b) (2) because it is where the event giving rise to these claim occurred.

## I. PLAINTIFF

1.) Plaintiff, OMAR COPELAND, is currently incarcerated in state correctional institution Huntingdon, in the county of Huntingdon in the state of Pennsylvania. Plaintiff was at all times mentioned herein a free citizen living in Philadelphia, pa when said injuries occurred.

## II. Defendants

1.) Defendant, p/off SEAN MCCALISTER BADGE#7027, At all times mentioned herein acted as a police officer for the 16th district, for the city of Philadelphia. under the color of state law, and is still at all times responsible for his actions or inactions in carrying out the powers, duties and responsibilities vested in him by the city of Philadelphia and the 16th district, and is therefore responsible for all actions/claims averred against him herein.

2.) Defendant, p/off DANIEL MAMMOLA BADGE# 4805, At all times mentioned herein acted as a police officer for the 16th district, for the city of Philadelphia. Under the color of law, and is still at all times responsible for his actions or inactions in carrying out the powers vested in him by the city of Philadelphia and the 16th district, and is therefore responsible for all clams against him herein.

3.) Defendant, CITY OF PHILADELPHIA, At all times mentioned herein is responsible for the policymaking, oversight, training, and management of its sub-units 16th precinct and its employees therein, and is also therefore responsible for the safty and care of its citizens within its jurisdiction, and is then at all times stated herein this complaint acted under the color of law and is here by responsible for all actions or inactions of its sub-units and employees within. Each

employee is sued in his or her individual capacities. At all times mentioned in this complaint each defendant was acting under the color of state law.

PLANTIFF, OMAR COPELAND, Has never filed a § 1983 complaint, nor has plaintiff ever had any complaint dismissed due to being frivolous/malicious.

### III. FACTS

ON 9-3-13, Plaintiff (OMAR COPELAND) was at his mother's house, helping her lay in bed as he does on most nights, because she is paralyzed from the waist down an needs assistance getting in bed. Subsequently to doing this, plaintiffs then fiancée Capprice Sutherland who was then nine months pregnant with plaintiffs son OMAR COPELAND Jr, called him by cell phone to ask if he could come home.

She MS Sutherland was having contractions due to her pregnancy and was scared she may go into labor. Plaintiff stated to her that he was on his way. Promptly after the phone call plaintiff told his mother an nephew s goodnight an headed home.

As plaintiff walked down the street, a dark colored car accosted him slowly on his left hand side. The car abruptly cut in front of him at a 45-degree angle in an attempt to block his path. Plaintiff reacted to this by backing up, but not turning around. The passenger was now exiting the car saying don't move." Upon hearing, do not move by an unknown white male plaintiff then turned around and retreated to his mother's house. Defendant followed him.

As plaintiff reached his mother's back door from the yard the same white male who told him don't move and later identified as p/off MCCALLISTER, grabbed plaintiff by the back of his shirt in an attempt to seize him, and stop him from entering the house. Despite the defendant having plaintiffs' shirt, plaintiff manage to make it inside the kitchen.

At this time plaintiff started yelling mom which only made the defendant angry and he placed plaintiff in a strangle hold. Plaintiff stated that he could not breathe but the defendant did not loosen his grip on plaintiffs' neck and windpipe.

At that point, plaintiff thought he was going to die and begin trying to free himself. At some point plaintiff was able to breathe a little so he stayed still in order not to agitate the situation.

After about 20 seconds in this position defendant let go of the plaintiffs neck with one arm and started striking him in the face with a closed fist saying stay still, although the plaintiff was not moving.

. 8.Officer MAMMOLA [defendant] in addition to other unknown police begin to arrive and without any intervene to stop the abuse defendant and other police started kicking and punching the plaintiff about the face and body saying don't although he was not moving while being beating by multiple police.

9.plaintiff was then handcuffed while he was on the ground and defendant mccallister had his knees on the back of plaintiffs head and back.

10. Plaintiff was then dragged off the ground out of his mothers house and placed in an marked police car.

11.Plaintiff was then transferred to Presbyterian hospital for injuries he sustained during this incident.

12.After being treated for busted lip, abrasion, and contusion on face, sore ribs, and blood clots in both eyes, plaintiff was then transferred to the 18th district to await arraignment.

13. On 9-4-13 while still awaiting arraignment, Presbyterian hospital contacted the 18th district and requested they return the plaintiff, because there cat scan was showing something and they need to run another test.

14.Plaintiff returned to hospital an additional cat scan revealed plaintiff had a cist on his oracle nerve above the left eye.

15.At the time of the defendants [MCCALLISTER an MAMMOLA] illegal detention and arrest/use of excessive force upon the plaintiff the city officials [ city of Philadelphia, police commissioner] named as defendants " jointly and severely had the legal duty for establishing, enforcing, directing, supervising, and controlling policies, customs, practices, and procedures to be used by police officers of the city of Philadelphia, so that their edicts and/or actions may fairly be said to represent the official policy of the city. Therefore these actions/ or inactions were in furtherance of the custom, policy or, practice and procedure of the city of Philadelphia.

15.By failing to correct its officers unconstitutional behavior towards its citizens, the city of Philadelphia injured him, committing an act that renders it liable under § 1983.

16. With knowledge of repeated allegations of abuse and assaultive behavior towards detainees and arrestees by the city of Philadelphia police officers repeatedly failed to enforce established procedures to insure the safety of

individuals arrestees and detainees. Failed to discipline police who have been found to have committed assaultive behavior towards citizens. Failed to competently investigate allegations of abuse by police officers. Rehired, rewarded, and commended police officers who were directly involved with aggressive misconduct towards citizens and repeatedly failed to adequately train and educate police in the use of reasonable force and proper use of authority; repeatedly failed to adequately supervise the actions of police officers and officials under their control and supervision.

17. At all times relevant to this case the PPD,[PHILADELPHIA POLICE DEPARTMENT] Maintained a custom, policy or, practice under which the PPD regularly deprived citizens of their constitutional rights. This custom etc, was designed as a "ENDS JUSTIFY THE MEANS" approach to investigating crime. Which was the proximate cause of plaintiff injuries and false arrest.

18. The defendants illegal detention and arrest/excessive force, was pursuant to a custom of the city of Philadelphia, which tolerated such conduct by its employees.

19. The city of Philadelphia had knowledge or constructive notice of prior widespread misconduct of its employees, from the period before, and during the event complained of. And the city of Philadelphia failure to act upon such knowledge constituted deliberate indifference and thus, caused the plaintiff to be injured.

20. If the unconstitutional conduct mentioned herein is not the result of a custom, policy etc. Was precipitated by poor training, to which the city was deliberately indifferent.

The large number of complaints alleging similar violations in the PPD establishes the city had at least constructive knowledge of the widespread misconduct of its employees, and its failure to enforce adequate training to those employees to ensure the constitutional rights of its citizens. which it has a duty to serve and protect, were being properly safeguarded, establishes a deliberant indifference, to the unconstitutional effect of those inadequacies, caused the plaintiff to be injured.

## V. LEGAL CLAIMS

13. Plaintiff re-alleges and incorporates by reference all paragraphs and information in this claim, and verify that all recollection of incidents herein are facts to the best of the plaintiffs' knowledge. Multi-labeled claims stem from the same misconduct, actions, or behavior of that defendant.

14. Defendant Mccallister used excessive force against the plaintiff Omar Copeland by placing him in a strangle hold without identifying himself during this detention or arrest of plaintiff. Defendant actions violated the plaintiffs Omar Copeland rights under the eighth amendment to the United States Constitution, and caused the plaintiff pain, suffering, physical injury, and emotional distress.

15. Defendant, Mccallister continued to use excessive force on the plaintiff Omar Copeland by punching him in the face repeatedly when he was not resisting arrest or putting up fight in any manner. Defendants' action violated the plaintiff rights under the eighth amendment of the United States Constitution and, caused the plaintiff pain, suffering, physical injury, and emotional distress.

16. Defendant MAMMOLA used excessive force against the plaintiff when he and unknown officers entered the plaintiff mother house. Instead of intervening to prevent further abuse of the arresting officer defendant [Mccallister] defendant Mammola started kicking the plaintiff on the body saying do not move, with other unknown officers. Defendant MAMMOLA actions violated the plaintiff rights under the eighth amendment of the United States Constitution and, caused the plaintiff pain, suffering, physical injury, and emotional distress.

17. By the defendant MAMMOLA who was the driver of the vehicle, pulling in front of the plaintiff to block his path and cut him off while the plaintiff was walking down the street, not committing no crime, constitutes a false arrest. An arrest maybe effected without the formal statement to the detainee that he is being arrested [com v. Holmes 373 a.2d 397] [com v. carter 643 a.2d 61]. Defendant MAMMOLA actions violated plaintiff Omar Copeland rights under the fourth amendment of the United States Constitution and, caused the plaintiff injury to his fourth amendment rights.

18. By defendant MCCALLISTER exiting the vehicle and yelling to the plaintiff " do not move" while the plaintiff was simply walking down the street and not committing any crime or acting suspicious constituted an illegal detention the

defendants [mccallister] actions in subsequently chasing the plaintiff to seize him without probable cause. In combination with the actions of defendant, MAMMOLA constituted a false arrest. Defendant MCCALLISTER actions violated the plaintiff rights under the fourth amendment of the United STATES Constitution and, caused the plaintiff injury to his fourth amendment rights.

19. At all times relevant to this case the PPD [PHILADELPHIA POLICE DEPARTMENT] maintained a custom, policy or, practice under which the PPD regularly deprived citizens of their constitutional rights. This custom was designed as a "ends justify the means" approach to investigating crime. Which was the proximate cause of plaintiff injury and false arrest.

20. The defendants [MCCALLISTER, MAMMOLA] illegal stop and arrest, was in pursuant to a custom of the city of Philadelphia, which tolerated such conduct by its employees.

21. The city had knowledge of prior widespread misconduct and it failure to act caused plaintiff to be injured.

22. At all times relevant to this case the PPD, maintained a custom, policy or, practice of condoning its officers conduct in knowingly, consciously, and repeatedly using unwarranted excessive force on detainees and arrestees.

23. The defendants [MCCALLISTER, and MAMMOLA] used excessive force against the plaintiff pursuant to a custom of the city of Philadelphia which tolerated such conduct by its employees. It adopted this custom by acting with deliberate indifference to the conduct engaged in by its police officers, including repeated failures to follow police procedures, unnecessary use of force, and intimidation during arrest and detentions, and was the proximate cause of plaintiff injury.

24. By failing to correct its officers unconstitutional behavior towards it citizens, the city of Philadelphia injured him.

25. If the unconstitutional conduct mentioned herein is not the result of a custom, policy or, practice, was precipitated by poor training, to which the city of Philadelphia was deliberately indifferent, and may fairly be said to represent a policy, custom or, practice of the city of Philadelphia.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTERS JUDGMENT GRANTING PLAINTIFFS:

26. plaintiff seeks compensatory damages against all defendants jointly and severely for emotional distress, pain and suffering.

27. plaintiff seeks punitive damages aginst all defendants jointyly and severly.

28. plaintiff also seeks jury trial for all issues triable by a jury

29. plaintiff seeks recovery of all medical cost, and this suit, attornet fees.

30. any additional relief the court may find just, priper and equitable

Date: 9•1•15

respectfully submitted

*Omar Copeland*

## VERIFICATION

I have read the forgoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

DATE 9•1•15

*Omar Copeland*

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OMAR COPELAND
    PLAINTIFF

V.

P/OFF SEAN MCCALLISTER            SUMMONS
    DEFENDANT                  CIVIL ACTION NO. 15  5012

TO THE ABOVE- NAMED DEFENDANT:

You are hereby summoned and required to serve upon the plaintiff, whose address is 1100 pike street, Huntingdon, PA 16654-1112, an answer to the complaint which is herewith served upon you, within 20days after service of this summon upon you, exclusive of the day of service, or 60 days if the U.S Government or officer/ agent therefore is a defendant. If you fail to do so, judgment by default will be taking aginst you for the relief demanded in the complaint.

Clerk of the court

Date:_____

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OMAR COPELAND
    PLAINTIFF

V.

P/OFF DANIEL MAMMOLA            SUMMONS    15    5012
    DEFENDANT                     CIVIL ACTION NO.

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon the plaintiff, whose address is 1100 pike street, HUNTINGDON, PA 16654-1112, an answer to the com[plaint which is herein served upon you, within 20 days after service of this summons upon you, exclusion of the day of service, or 60 days if the U.S Government of office/ agent therefore is a defendant. If you fail to do so, judgment by default will be taking against you for the relief demanded in the complaint.

CLERK OF THE COURTS

DATE:_____

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OMAR COPELAND,

    PLAINTIFF

V.

CITY OF PHILADELPHIA,

    DEFENDANT

SUMMONS

CIVIL ACTION No. **15  5012**

TO THE ABOVE- NAMED DEFENDANT(S):

You are hereby summoned and required to serve upon plaintiffs, whose address is 1100 Pike Street, Huntingdon, PA 16654-1112, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service, or 60 days if the U.S. Government or officer/agent thereof is a defendant. If you fail to do so, judgment by default will taken against for the relief demanded in the complaint.

Clerk of the Court

Date: _____