IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR COPELAND,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF PHILADELPHIA, et al.,<br>　　　　　　Defendants. | Civil Action<br>No. 15-5012 |

### ORDER

And now, this _____ day of _____ 2017, upon consideration of the City of Philadelphia and Former Commissioner Ramsey's Motion for a Protective Order, it is hereby **ORDERED and DECREED** that said Motion is **GRANTED**. The City of Philadelphia is hereby protected from producing Former Police Commissioner Charles Ramsey to testify at a deposition or trial in this matter.

　　　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**BEETLESTONE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR COPELAND,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF PHILADELPHIA, et al.,<br>　　　　　　Defendants. | Civil Action<br>No. 15-5012 |

**THE CITY OF PHILADELPHIA AND FORMER COMMISSIONER RAMSEY'S MOTION FOR A PROTECTIVE ORDER**

　　　The City of Philadelphia, (hereinafter "City") and former Police Commissioner Charles Ramsey, by and through the undersigned counsel, hereby incorporates the accompanying Memorandum of Law, and respectfully requests that this Court grant Defendants' Motion and Order that counsel for the City of Philadelphia is protected from producing former Commissioner Ramsey to testify at a deposition or trial in this matter.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Shannon Zabel
　　　　　　　　　　　　　　　　　　　Shannon Zabel
　　　　　　　　　　　　　　　　　　　Assistant City Solicitor
　　　　　　　　　　　　　　　　　　　Attorney Identification No. 321222
　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　(215) 683-5114
Dated: March 2, 2017　　　　　　　　shannon.zabel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR COPELAND, : | |
|             Plaintiff, : | |
| : | Civil Action |
| v. : | No. 15-5012 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|             Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER BY THE CITY OF PHILADELPHIA AND
FORMER COMMISSIONER RAMSEY**

Pursuant to the Federal Rules of Civil Procedure, the City of Philadelphia and former Commissioner Ramsey hereby file this Motion for a Protective Order to preclude former Commissioner Ramsey from appearing at a deposition or trial to testify in the above-captioned matter.

**I.    FACTUAL OVERVIEW AND PROCEDURE**

Plaintiff brought the instant action against the City of Philadelphia, Police Officers Mammola and McCallister, Detective Pearson and Former Commissioner Ramsey alleging false arrest, false imprisonment, excessive force, malicious prosecution, *Monell* liability against the City, assault, battery, intentional infliction of emotional distress and negligence. Plaintiff's arrest stemmed from Police Officer Mammola and Police Officer McCallister attempting to stop and investigate Plaintiff in reference to a gun pointing incident that occurred in that neighborhood earlier in the night. Plaintiff ran from police and discarded a gun in the sewer. After a foot pursuit, he was apprehended by the officers when he tried to enter the back door of a home. The man who originally reported the gun pointing incident identified Plaintiff as the assailant. Plaintiff was found guilty of a Violation of the Uniform Firearms Act (VUFA).

On February 21, 2017, Plaintiff filed a motion seeking to depose Police Officer Mammola, Police Officer McCallister, Detective Pearson and Former Commissioner Ramsey. Former Commissioner Ramsey was the Philadelphia Police Commissioner when Plaintiff filed his first complaint in September 2015. Presumably, Plaintiff seeks to examine the former Commissioner on the operations of the Philadelphia Police Department. The City of Philadelphia and former Commissioner Ramsey move for a Protective Order because Plaintiff can proffer no legally sufficient reasons to compel the production of former Commissioner Ramsey under well-established Supreme Court precedent. *United States v. Morgan*, 313 U.S. 409 (1941).

Top executive department officials should not be required to appear to testify absent extraordinary circumstances. *Buono v. City of Newark*, No. 06-3414, *2008 U.S. Dist. LEXIS 14137* (D.N.J. 2008). Extraordinary circumstances exist where, among other factors, Plaintiff has established testimony from high ranking officials is essential to his case, and is not available from any other source. *Bogan v. City of Boston*, 489 F.3d. 417, 423-24 (1st Cir. 2007) (depositions of high ranking officials may be taken where the official has first-hand knowledge that cannot be obtained from other sources). Because Plaintiff cannot demonstrate any factors which demonstrate an extraordinary circumstance, he has failed to meet his burden and a Protective Order is the appropriate remedy.

**II.    LEGAL STANDARD**

Although the Court of Appeals for the Third Circuit has not spoken on this issue, many other courts have. *Buono*, 2008 U.S. Dist. LEXIS 14137, at *5. The Supreme Court in *United States v. Morgan*, indicated that the practice of calling high ranking government officials as witnesses should be discouraged. *Morgan*, 313 U.S. 409 (1941). Relying on *Morgan*, other courts have concluded that top executive department officials should not be required to appear for

depositions or testify at trial absent extraordinary circumstances, even if the deposition seeks to probe their reasons for taking official action.[1] *Buono*, 2008 U.S. Dist. LEXIS 14137, at *5; citing *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985); *see also In re United States (Holder)*, 197 F.3d 310, 313 (8th Cir. 1999); *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir.1993) (observing that the "reason for requiring exigency before allowing the testimony of high government officials is obvious"); *In re Office of Inspector General, R.R. Retirement Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (stating that the Court agrees with "our D.C. Circuit colleagues [in *Simplex*] that 'top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions'").

To determine if extraordinary circumstances exist, the Court must consider whether or not the party seeking the testimony has shown: (1) that the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that could not be reasonably obtained from other sources; (3) the testimony is essential to that party's case; (3) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (4) that the evidence sought is not available through any alternative source or less burdensome means. *Bogan v. City of Boston*, 489 F.3d 417, 423-24 (1st Cir. 2007) (observing that depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated that cannot be obtained from other sources and affirming the issuance of a protective order precluding the deposition of the Mayor because the plaintiff did not pursue other avenues of information, such as the Mayor's aides

---

[1] The cases do not distinguish between deposition testimony and trial testimony.

who would have been able to clarify the Mayor's role in the inspection that the Mayor allegedly ordered).

### III. ARGUMENT

The witness here is a former high ranking government official and therefore not subject to being deposed absent a showing of extraordinary circumstances. *Bogan,* 489 F.3d at 424; *Marisol et al. v. Giuliani, et al.*, No. 95-10533, 1998 U.S. Dist. LEXIS 3719 (S.D.N.Y. 1998) (treating a mayor as a high ranking government official for purposes of a motion for a protective order); *Halderman v. Pennhurst State Sch. & Hosp.*, No. 74-1345, 1982 U.S. Dist. LEXIS 18228 (E.D. Pa. 1982) (citing "Department heads" as high ranking officials).

Plaintiff has not yet indicated for what purpose he plans to depose former Commissioner Ramsey, but it is clear that the former Commissioner Ramsey had no personal involvement related to Plaintiff's case. To the extent he seeks testimony regarding the operations of the Philadelphia Police Department, it is certainly information that can be obtained from other sources, and information that can be obtained from lesser-ranking officials. *Halderman*, 1982 U.S. Dist. LEXIS 18228, at*11 (stating, "high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer); citing *Sneaker Circus, Inc. v. Carter*, 457 F. Supp. 771, 794 n. 33 (E.D. N.Y. 1978); *United States v. Northside Realty Assoc.*, 324 F. Supp. 287, 293 (N.D. Ga. 1971).

### IV. CONCLUSION

Plaintiff cannot that establish extraordinary circumstances exist that warrant the testimony of former Police Commissioner Ramsey because he cannot satisfy any of the requirements of *Bogan*, as discussed above. Because Plaintiff cannot meet his burden, a Protective Order is the appropriate remedy in this matter. The City of Philadelphia and former Commissioner Ramsey

respectfully request that this Court grant its Motion for a Protective Order.

                                                Respectfully submitted,

                                                /s/ Shannon Zabel
                                                Shannon Zabel
                                                Assistant City Solicitor
                                                Attorney Identification No. 321222
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                (215) 683-5114
Dated: March 2, 2017                       shannon.zabel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OMAR COPELAND,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 15-5012** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below, the City and former Commissioner Ramsey's Motion for a Protective Order was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy of the Motion has been served upon the Plaintiff by certified mail, postage prepaid, as follows:

Omar Copeland
LK6830
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA  16654-1112

                                                  Respectfully submitted,

                                                  /s/ Shannon Zabel
                                                  Shannon Zabel
                                                  Assistant City Solicitor
                                                  Attorney Identification No. 321222
                                                  City of Philadelphia Law Department
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, PA 19102
                                                  (215) 683-5114
Dated:  March 2, 2017                        shannon.zabel@phila.gov