**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OMAR COPELAND** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 15-5012** |
| : | |
| **OFFICER SEAN MCCALLISTER, et al.,** : | |
| Defendants. : | |
| : | |

**ANSWERS AND OBJECTIONS OF DEFENDANTS TO PLAINTIFF'S "FOURTH SET INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS"**

Defendants, Police Officers Mammola and McCallister, Detective Pearson, the City of Philadelphia and former Commissioner Charles Ramsey, by and through their attorney, Shannon Zabel, Assistant City Solicitor, hereby serve these responses to Plaintiff's **"Fourth set of interrogatories and production of documents directed to defendants"** pursuant to the Federal Rules of Civil Procedure. By serving these responses, Answering Defendants do not waive any objection they may have to the admissibility of any materials or answers produced in response to these requests.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES/REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. *Directive 146 on foot pursuits.* Answer: See documents marked Copeland 595-598.

2. *Directive 114 employee's responsibilities to repot misconduct etc.* Answer: See documents marked Copeland 599-604.

3. *Defensive tactics training manual/guide including PPD designed course work.* Answer: See documents marked Copeland 676-915.

4. *Police communication; defusing and de-escalation technique manual/guide included PPD designed course work.* Answer: Objection. This interrogatory/request for production of documents is vague, confusing and overbroad. It is not reasonably calculated to lead to the

discovery of admissible evidence. By way of further answer, see attached documents marked Copeland 609-675.

5. *Human relations cores work.* Answer: Objection. This interrogatory/request for production of documents is vague and confusing and not reasonably calculated to lead to discovery of admissible evidence.

6. *Police, public, and c.o.p. course work.* Answer: Objection. This interrogatory/request for production of documents is vague and confusing and not reasonably calculated to lead to discovery of admissible evidence.

7. *All statements including in court testimony from any defendants pertaining to the arrest use of force to make arrest.* Answer: Objection. This interrogatory/request for production of documents is overbroad and unduly burdensome. The criminal case file documents are not in the possession of defense counsel. They are in the possession of the First Judicial District. By way of further answer, defense counsel is in possession of the notes of testimony in Plaintiff's violation of probation hearing. See attached documents marked Copeland 1030-1068.

8. *Name the supervisor notified when force was used to make the arrest and plaintiff was taking to hospital pursuant to ppd policy.* Answer: See previously sent documents, specifically the Use of Force Reports, for supervisor's name.

9. *Produce all relevant documents associated with the investigation of defendant Pearson physical abuse and tampering with evidence DC No: 04-14-050058 IA No: 04-1104. All investigation document pertaining to internal investigation IA No: 06-1102, investigation documents pertaining to IA No: 03-1150 all criminal investigation file related to Darryl Pearson arrest (04-14-050058).* Answer: Objection. This interrogatory/request for production of documents is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. By way of further answer, see attached documents marked Copeland 916-949, which are the Commissioner Memoranda for the three IA Investigations mentioned above. The criminal file is not in the possession of defense counsel. It is in possession of the First Judicial District.

10. *Did the defendant [Pearson] receive any counseling as required pursuant to the case review program, for sustained violations after IAD investigation? If so provide documentation illustrating the type of counseling and the results of the officer's improvement or unimprovement.* Answer: Objection. This interrogatory/request for production of documents is not reasonably calculated to lead to the discovery of admissible evidence. By way for further answer, see attached documents marked Copeland 950-1029, Detective Pearson's Personnel Record.

11. *Disciplinary data from all completed PBI/IAD cases involving police brutality/excessive force from the time of the incident till present.* Answer: Objection. This interrogatory/request for production of documents is vague, overbroad and unduly burdensome. It is not reasonably calculated to lead to the discovery of admissible evidence.

12. *Crime scene log of all officers who entered and exited the plaintiff's mother house.* Answer: There was no crime scene log in Plaintiff's criminal case file.

13. *The plaintiff is requested updated concise officer history on defendants McCallister and Mammola as there is a new discovery order and along time as elapses since prior discovery.* Answer: See documents marked Copeland 605-608.

14. *Documentation of concise history of police brutality and excessive force in Philadelphia police department from past [1970s] to present [2017]. These reports can range from daily news reports to department of justice investigations.* Answer: Objection. This interrogatory/request for production of documents is vague, overbroad and unduly burdensome. It is not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

Date: March 10, 2017

/s/ Shannon Zabel
Shannon Zabel
Assistant City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OMAR COPELAND** :<br>   **Plaintiff,** :<br>:<br>  v. :<br>:<br>**OFFICER SEAN MCCALLISTER, et al.,** :<br>   **Defendants.** :<br>: | **Civil Action<br>No. 15-5012** |

### CERTIFICATE OF SERVICE

  I, Shannon Zabel, Esquire, Attorney for the Defendants in the above-captioned matter, certify that a true and correct copy of the Defendants' Responses to Plaintiff's **"Fourth set of interrogatories and production of documents directed to defendants"** was served on this date via certified mail to the following address:

Omar Copeland
LK6830
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA  16654-11126


Date: March 10, 2017           /s/ Shannon Zabel
                   Shannon Zabel
                   Assistant City Solicitor
                   Pa. Attorney ID No. 321222
                   City of Philadelphia Law Department
                   1515 Arch Street, 14th Floor
                   Philadelphia, PA 19102
                   215-683-5114
                   shannon.zabel@phila.gov