# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**OMAR COPELAND**
    **Plaintiff,**

v.

**CITY OF PHILADELPHIA, et al,**
    **Defendants,**

FILED
MAR 31 2017
KATE BARKMAN, Clerk
_____ Dep. Clerk

**Civil Action**
**No.15-5012**

## PLAINTIFFS RESPONSE TO FORMER COMMISSIONER RAMSEY MOTION FOR A PROTECTIVE ORDER

Plaintiff, OMAR COPELAND, hereby incorporates the accompanying memorandum of law, and respectfully request that this court grants the plaintiff motion in responses to defendants protective order and order that the counsel for the city of Philadelphia shall not be protected from producing former commissioner Ramsey to testify at a deposition or trial in this matter.

                        Respectfully submitted,
                        OMAR COPELAND
                        1100 PIKE STREET

DATE: MARCH, 22, 2017          HUNTINGDON, PA 16654

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OMAR COPELAND** | : |
| **Plaintiff,** | : |
| | :      **Civil Action** |
| **V** | :      **No.15-5012** |
| **CITY OF PHILADELPHIA, et al** | : |
| **Defendants,** | |

**Pursuant to Federal rules of civil procedure, plaintiff responds to defendants motion for a protective order, plaintiff request that defendants motion be denied and it be ordered that former commissioner Ramsey be produced to testify at disposition and trial**

## I. FACTUAL OVERVIEW AND PROCEDURE

Plaintiff brought this action against the city of Philadelphia, police officers McCallister and Mammola, Detective Pearson and Former Police Commissioner Ramsey. The claims constitute false arrest, false imprisonment, excessive force, malicious prosecution, Monell liability against the city of Philadelphia, assault and battery, intentional infliction of emotional distress and negligence. Plaintiff arrest occurred when police officer Mccallister and Mammola attempted to illegally seize the plaintiff after they allegedly received a flash call of a black male wearing a blue hat

Blue shirt and white shorts was armed with a gun. Based solemnly off of this information the defendant officer chased and assaulted the plaintiff. The plaintiff was never identified by any complainant as the person who had a gun.

On February 21, 2017 plaintiff filed a motion to depose former commissioner Ramsey. Former commissioner Ramsey was the Philadelphia police commissioner at the time of the assault and related claims. Plaintiff seeks to depose the former commissioner on regards of his monell claims, as he was the official policymaker for the city of Philadelphia police department and had final say in disciplinary action or punishments giving to police officer who violate directives and/or citizens constitutional rights. The commissioner's testimony is essential to the plaintiff's monell claims as a policymaker is a necessary element of a monell claim. Without the commissioner the no policymaker to attach knowledge and acquisition too. There are no other sources to get this information sought from because they are not policymakers. Bogan v. City of Boston, 489 F.3D. 417, 423-24 (1ST CIR. 2007) (Disposition of high-ranking officials may be taken where the official has first-hand knowledge that cannot be obtained from other sources). In 2015 commissioner Ramsey requested technical assistance through the collaborative reform initiative.

In March of that same year, the DOJ issued a technical report on the current and future state of deadly force including (excessive force) policy, training, investigation, and practice in the Philadelphia police department. The DOJ report contained at least several findings that are relevant to the plaintiff claims for instinct the report found the PPD training techniques reading the use of force to be lacking. The report found that police recruits do not receive substantive de-escalation training. Id at 69-70. It stated that PPD training scenarios are not developed with a consistent method or evaluation process, that there was a desire among officers for more reality based training, and that the majority of academy instructions and scenario based training sessions related to the use of force ended with the officer having to use force. Id at 70-75(emphasis added). Further, it found that officers do not receive in-service training on threat perception, decision-making, and de-escalation techniques. Id at 76-81. The plaintiff cannot stress how essential it is to depose the commissioner and policy maker on these issues. The defendant should not be allowed to avoid testimony at disposition or trail as he has personal knowledge of all the matter find in the DOJ report and has final unreviewable policy authority which cannot be substituted by another source. Plaintiff has demonstrated extraordinary circumstances and defendants motion should be denied.

## III. LEGAL STANDARDS

To determine if extraordinary circumstances exist, the court must consider whether or not the party seeking the testimony has shown: (1) that the officials testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that could not be reasonable obtained from another source; (3) the testimony is essential to the parties case; (4) the disposition would not significantly interfere with the ability of the official to perform his governmental duties; and (5) the evidence sought is not available through any alternative source or less burdensome means.

The plaintiff case clearly meets all the requirements to establish extraordinary circumstances exist. The fact that the official is a defendant in this case and his testimony is essential to the plaintiff monell claims necessarily requires the plaintiff to depose and/or examine the defendant on those issues in order to establish a claim upon which relief can be granted. To satisfy the first element of a Monell claim, a plaintiff must first show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom. **Bielevicz v. Dubinon, 915 F.2d 845, 850**. The plaintiff will not be able to establish this element of his claim if the defendants are effectively shielded from disposition and trial. Even if the plaintiff dose succeeds on has Monell claim absent the policymaker element. The verdict will not stand if the defendants seek to appeal. Because the policymaker element is a necessary element of the claim. THEREFORE, plaintiff has meet the requirement for 1-2 AND 3 of extraordinary circumstances standard. The fourth requirement is meet because Commissioner Ramsey is retired and has no official governmental

Duties that will be significantly interfered with. The fifth requirement is meet because Commissioner Ramsey is a defendant in this case. The extent of his supervision of police, decision to discipline police and training of police etc., is only something he could answer. There is no substitute for his thought (mental state). The plaintiff Monell claim can only be satisfied if the official policymaker had knowledge or acquiesced in a well-settle custom. Proof of this knowledge or acquiesce must come from the policymaker in the typical Monell case.

### IIII. CONCLUSION

Plaintiff has meet his burden that extraordinary circumstances exist that warrant the testimony of Commissioner Ramsey. The defendants attempt to suppress testimony of the defendant can effectively give the protective order the same weight and consequence's as a summary judgment. The plaintiff respectfully request that the protective order be denied.

**Respectfully submitted.**
**OMAR R. COPELAND**
**1100 PIKE STREET**
**HUNTINGDON, PA 16654**

**DATE: March 27, 2017**

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR COPELAND<br><br>    Plaintiff<br><br>v.<br><br>CITY OF PHILADELPHIA, et al<br><br>    Defendants | Civil Action<br>No.15-5012<br><br>**FILED**<br>MAR 3 1 2017<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

## CERTIFICATE OF SERVICE

Order was filed and sent via U.S MAIL to the defendant's counsel address I hereby certify that on the date below, the plaintiff responds to defendants protective below:

**SHANNON ZABEL**

**1515 ARCH STREET 14TH FLOOR**

**PHILADELPHIA, PA 19102**

**DATED: March 27, 2017**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

OMAR COPELAND           CIVIL ACTION
    PLAINTIFF           NO.15-5012

    V.

CITY OF PHILADELPHIA, et al

RECEIVED MAR 3 1 2017

## Order

And now, this_____day of_____2017, upon consideration of plaintiff responds, it is hereby order that plaintiff motion is granted.

**BT THE COURTS**

_____

**BEETLESTONE, J.**

Name: Omar Copeland
Number: UK-6830
1100 Pike Street
Huntingdon, PA 16654-1112

INMATE MAIL
PA DEPARTMENT OF CORRECTIONS

ZIP 16652 $ 000.67
0001395447 MAR 29 2017

U.S District
Judge Wendy Beetlestone
601 Market Street
Phila, PA 19102

S.M.S.
X-RAY

Inmate Mail - PA DEPT OF CORRECTIONS

1910631729 C019